| | |
|---|---|
| Patrick J. Richard (CA 131046) | Jonathan D. Joseph, (CA 90564) |
| prichard@nossaman.com | Jonathan M. Cohen, (CA 168207) |
| James H. Vorhis (CA 245034) | jcohen@josephandcohen.com |
| jvorhis@nossaman.com | Joseph and Cohen, APC |
| Nossaman LLP | 1855 Market Street |
| 50 California Street, 34th Floor | San Francisco, CA 94103 |
| San Francisco, CA 94111 | Telephone: 415.817.9200 |
| Telephone: 415.398.3600 | Facsimile: 415.874.1997 |
| Facsimile: 415.398.2438 | |
| | Attorneys for Plaintiffs |
| Joan M. Cotkin (CA 70665) | Thomas T. Hawker, John J. Incandela, Dave |
| jcotkin@nossaman.com | Kraechan, Edwin Jay Lee, and Edward J. |
| Nossaman LLP | Rocha |
| 777 S. Figueroa St., 34th Floor | |
| Los Angeles, CA 90017 | Edward F. Donohue (SBN 112730) |
| Telephone: 213.612.7800 | edonohue@hinshawlaw.com |
| Facsimile: 213.612.7801 | Christopher J. Borders (SBN 135901) |
| | cborders@hinshawlaw.com |
| Attorneys for the Federal Deposit | John T. Meno (SBN 231238) |
| Insurance Corporation as Receiver for | jmeno@hinshawlaw.com |
| County Bank, Plaintiff as assignee of | HINSHAW & CULBERTSON LLP |
| certain claims | One California Street, 18th Floor San Francisco, CA 94111 |
| | Telephone: 415-362-6000 |
| | Facsimile: 415-834-9070 |
| | |
| | Attorneys for Defendant BANCINSURE, INC. |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. HAWKER; JOHN J. INCANDELA; DAVE KRAECHAN; EDWIN JAY LEE; and EDWARD J. ROCHA,<br><br>    Plaintiffs,<br>    v.<br><br>BANCINSURE, INC. and DOES 1 through 10,<br><br>    Defendants. | Case No: 1:12-cv-01261-LJO-SAB<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: August 1, 2012<br>Trial Date: June 6, 2014 |

12cv1261.o.proto.DOC                               1

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Civil Rule 141.1, and subject to approval by the Court, Plaintiffs Thomas T. Hawker, John J. Incandela, Dave Kraechan, Edwin Jay Lee, and Edward J. Rocha (collectively "Plaintiffs"), the Federal Deposit Insurance Corporation as Receiver for County Bank, plaintiff as assignee of certain claims (the "FDIC-R"), and Defendant BancInsure, Inc., ("BancInsure") (the FDIC-R, Plaintiffs and BancInsure are referred to herein individually as "Party" and collectively as the "Parties"), by and through their counsel of record, hereby stipulate to a protective order consisting of the following terms regarding non-disclosure of Confidential Material to be produced by the Parties:

1. **_Purpose._**  In connection with discovery in this case, the Parties and/or third persons/entities who are not parties to this litigation, may furnish and/or produce certain documents, including, but not limited to, documents containing confidential, financial, personal, trade secret, and/or proprietary information related to a party's or a third party's financial condition, business plans, business operations, agency, underwriting, investigation, contracts, agreements, claims handling procedures, practices and operations, or other private or confidential matters.  Such documents have not been made public and have been the subject of efforts that are reasonable under the circumstances to maintain their privacy.  The disclosure of such documents or information derived or obtained therefrom might harm a party's competitive position, and might harm constitutionally protected privacy rights of the Parties or third persons/entities.  Accordingly, the Parties stipulate that such documents are confidential and shall not be disclosed by any party or any of their agents or representatives, except as set forth under the terms of this Stipulation and Order.  The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 19, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      2.      ***Definition of Confidential Material.***  For purposes of this Stipulation and Order, "Confidential Material" includes, without limitation, certain documents, records, and information composed or stored in written, electronic, digital, or any other medium, produced by the FDIC-R, Plaintiffs, BancInsure or a third party pursuant to this Stipulation and Order, and any information identifying any names, addresses, account information, personal information (such as social security number, date of birth, and any other personal identification information) recognized by law as, or required to be maintained as, confidential; and further includes, without limitation, the following:

      a.      ***Regulatory:***  Confidential Material related in any way to the regulation or supervision of County Bank ("Bank"), in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC in its corporate capacity, the California Department of Financial Institutions, or any other federal or state regulatory authority, and any documents containing Confidential Material obtained from any documents and records related to the supervision or

regulation of the Bank.  The Parties understand and agree that the release of documents created by governmental agencies other then the FDIC in its receivership capacity may require approval from those other governmental agencies.  Confidential Material includes documents that are confidential and exempt from disclosure as provided in the FDIC's FOIA regulations, 12 C.F.R. § 309, the laws of the State of California, and any other applicable federal or state laws.

  b. ***Bank and Bank Customers:***  Confidential Material related to the Bank, its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including:  ACH items or transactions, chargebacks, merchant processing, bank account information, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, related loan documentation relating to any extension of credit or loan to any borrower, other previously designated confidential business records, and documents containing trade secrets.  Examples of "Confidential Material" include, without limitation, documents containing a customer's account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan, or borrower relationship and loan application materials, and documents or information that contain the customer's name, address, social security number, date of birth or other similar

identifying information.

    c.   ***Receivership:*** Confidential Material related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets.  Notwithstanding the provisions of section 5(a)-(d) and (k), no Confidential Material related to the receivership of the Bank shall be disclosed to any person or entity known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Stipulation and Order.

    d.   ***Other:***  Any Party may seek an amendment to this Stipulation and Order to designate confidential documents and information in addition to the categories described above before production of any such documents and information.  The Parties agree to meet and confer in good faith and attempt to reach agreement on any request by a Party to designate such additional categories of confidential documents or information.

**3.**   ***Confidential Designation and Treatment of Confidential Material.***

    a.   As to hard-copy documents produced pursuant to this Order which a Party seeks to deem to be Confidential Material, the documents shall be identified and conspicuously marked "CONFIDENTIAL."  Such identification and marking shall be made at the time when the document is produced by such party.  Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document.  As reasonably practicable, to the extent the document contains

both confidential and non-confidential information, the designating Party shall delineate the portions constituting Confidential Material and the remaining portions of the document or material not deemed Confidential. Except as otherwise provided in 12 C.F.R. 309, in the event there is a dispute over whether a particular document or set of documents is Confidential Material, the receiving/objecting Party may raise that issue with the court and shall maintain its copy(ies) of the challenged documents in confidence unless and until a ruling is issued by the court.

  b. As for any tangible items or information produced in some form other than documentary which a Party seeks to deem to be Confidential Material, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

  c. As to testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record all protected testimony within the time parameters set by Paragraph 9a, below.

  **4.** ***Nondisclosure of Confidential Material.***  All Confidential Material produced by the Parties and/or third persons/entities who are not parties to this litigation, and information derived or obtained therefrom, shall be used by the Parties (and related persons and/or entities described in Paragraph 5, below) solely and exclusively for purposes of this litigation and not for commercial purposes or any purpose whatsoever unrelated to this litigation.  Absent further written agreement between the Parties, all such Confidential Material shall be treated as strictly confidential and shall not be disclosed, discussed, or in any way divulged by the Parties (or

related persons and/or entities described in Paragraph 5, below), except as permitted under this Order.  Notwithstanding the provisions of this section, a Party may disclose its own Confidential Material to any person it deems appropriate with or without conditions to the disclosure and without waiving any claim of protection under this Agreement.

  **5.**  ***Exceptions to Nondisclosure.***  Notwithstanding anything to the contrary herein, Confidential Material received pursuant to this Stipulation and Order, and information derived or obtained therefrom, may be disclosed to the following persons or entities:

  a. The Parties or an officer, director, or employee of a Party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

  b. BancInsure's reinsurers, receivers and/or regulators;

  c. Counsel for the Parties, including all partners and associate attorneys of such counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

  d. Vendors, experts and consultants engaged by counsel of record for the Parties to assist or

participate in the investigation and analysis of the Claims;

e. Any person from whom testimony is taken or to be taken in this action, except that such person only may be shown Confidential Material, and information derived or obtained therefrom, during his or her testimony, review of same, and in preparation therefor, and only to the extent relevant to such testimony, and may not copy or retain any such information;

f. Persons who appear on the face of the Confidential Material marked "CONFIDENTIAL" as an author, addressee or recipient thereof;

g. Court reporters used in connection with this action and their employees;

h. The Court and its staff;

i. The jury, if any;

j. Those present in the Courtroom during the trial of this matter, including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise;

k. persons to whom the information is required to be made available under the FOIA or the FDIC's FOIA regulations, 12 C.F.R. § 309.5, upon receipt of a proper FOIA request for such information;

l. individuals and entities permitted access to exempt information under 12 C.F.R. § 309.6; and

    m. Any other person as to whom all Parties in writing agree.

**6.** ***Non-Disclosure of Confidential Material***.  All persons described in Paragraph 5 above shall not disclose any Confidential Material, including information derived or obtained therefrom, except in conformance with this Stipulation and Order, and for purposes of this litigation.  With respect to official court employees, said employees shall not be bound by the terms of this Stipulation and Order except to the extent of normal court procedures and applicable laws for Court-ordered sealed documents, such that Court administration is not unduly impeded.  Any party who wishes to keep Confidential Material confidential at the time of trial shall show cause in advance of trial to proceed in a manner that preserves the confidentiality of the Confidential Material.  The Parties agree that the procedures for protecting the confidentiality of Confidential Material at the time of trial will be done in accordance with the Court's instructions, and that the Parties will cooperate in complying with such instructions.

**7.** ***Confidentiality Agreement Certificate***.  Confidential Material may only be disclosed to persons or entities identified in subparagraphs 5(c), (d), and (m) after the person or entity provided with such Confidential Material agrees to be bound by this Stipulation and Order and signs a written Agreement to Maintain Confidentiality, in the form attached as Attachment A.  Counsel of record who obtains a signed Agreement to Maintain Confidentiality shall keep all Agreements to Maintain Confidentiality containing original signatures for a period of at least three years following termination of the litigation, including all appeal(s).

**8.** ***Demands by Others for Confidential Material.***  If any other person or entity demands, by subpoena or other judicial process, that a

Party produce the Confidential Material produced by the other Party, the Party receiving such demand shall promptly notify the Party that produced the Confidential Material of such demand in no event less than 20 days prior to the deadline to respond.  At its option, the Party that produced the Confidential Material may elect to challenge the demand and assert any applicable protections and shall notify the other Party and the court or tribunal that issued the demand of its challenge as required by law, the subpoena, or other judicial process.  The burden of proving that Confidential Material is entitled to protection from disclosure shall lie with the Party producing the Confidential Material.  When such a challenge is made, the Party who received the demand shall not produce any Confidential Material in the absence of consent by the Party that produced the Confidential Material, or an order by the issuing court or tribunal compelling production.  Any Party required to give notice to any other Party under this Paragraph shall be deemed to comply if such notice is provided to counsel of record signing this Stipulation and Order.

9. ***Use of Confidential Material in Connection With Depositions***.

   a. Portions of deposition transcripts that contain testimony referring to and/or exhibits containing Confidential Material may be designated as "CONFIDENTIAL" as soon as possible and in no event more then 15 days from the day such testimony was provided.  If any testimony is so designated, the transcript of the testimony and/or exhibits designated as "CONFIDENTIAL" shall be marked as "CONFIDENTIAL" and identified as such by the court reporter in the deposition transcript.  A Designating Party

may elect to ask the court reporter to create a separate additional transcript which divides such Confidential Material into a separate portion of the same volume of the deposition transcript.  The Parties agree that the disclosure of Confidential Material, testimony and/or exhibits containing or referring to Confidential Material to court reporters, videographers and/or their staff shall not change the confidential status of Confidential Material and shall not be deemed a waiver of privileges asserted as to the Confidential Material.

 b. Where testimony or documents are designated as Confidential Material at a deposition, any party may exclude from the deposition all persons other than those to whom the Confidential Material may be disclosed under Paragraph 5 of this Stipulation and Order.

 c. Any party may mark Confidential Material, or information derived or obtained therefrom, as a deposition exhibit and examine any witness thereon, provided that the deposition witness is a qualified person to whom the exhibit may be disclosed under Paragraph 5 of this Stipulation and Order and that the exhibit and related transcript pages receive the same confidentiality designation as the original Confidential Material.

 d. In the event there is a dispute over any designation as provided for in this Section 9, the objecting Party may raise that issue with the court and all parties shall

maintain the challenged testimony as confidential unless and until a ruling is issued by the court.

**10.**     ***No Waiver or Alteration of Confidential Status***.  Neither this Stipulation and Order, nor the production of Confidential Material, nor any proceedings pursuant to this Stipulation and Order, shall be deemed an admission or waiver, in whole or in part, of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information derived or obtained therefrom.  Nothing in this Stipulation and Order shall be construed as limiting in any way the right of any party to object to furnishing information sought by any other Party, any Party's right to object to information requested to be furnished by any third person/entity, or any third person/entity's right to object to furnishing information.  This Stipulation and Order is not intended to and, therefore, should not be construed as affecting the right of any party to withhold information based on a claim of privilege.

**11.**     ***No Waiver of Right to Object to Designation as Confidential Material***.  Nothing in this Stipulation and Order shall be construed as limiting in any way the right of any Party to object to another Party designating documents as being "Confidential Material."  If any such dispute cannot be informally resolved, it shall be resolved by the Court upon noticed motion brought by the party asserting the claim of confidentiality, and the party asserting such claim shall bear the burden of proof that such information is confidential.

**12.**     ***No Waiver of Objections to Admissibility***.  Nothing in this Stipulation and Order shall be deemed a waiver of any objections any party may have to the admissibility of Confidential Material or information derived

or obtained therefrom.  All applicable objections are hereby expressly reserved.

13. *No Waiver of Use of Producing Party's Own Records*.  This Stipulation and Order shall not affect a Party's or third person/entity's use of its own information or documents.

14. *No Waiver From Inadvertent Disclosure*.  If any Party inadvertently discloses and/or produces any Confidential Material which is the subject of this Stipulation and Order, said inadvertent disclosure and/or inadvertent production shall not be deemed a waiver, in whole or in part, of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matters.

15. *Return or Destruction of Documents*.   Within 30 days after the final termination of the litigation, including all appeals, the Party receiving Confidential Material shall obtain Confidential Material from any persons identified in subparagraphs 5(a), (c), (d) and (m).  All Confidential Material marked "CONFIDENTIAL" shall be returned to the producing party or destroyed unless (i) there is a separate written agreement between the Parties allowing retention of such documents, in which case, the terms of this Stipulation and Order will continue to govern; or (ii) the material has been included within a claims file or other file or report which must be preserved in whole pursuant to applicable state or federal statutes, rules or regulations.  All notes, memoranda, summaries or other documents in the possession, custody or control of the parties referring to or relating to the Confidential Material shall be destroyed, except counsel to each party may retain one copy of pleadings, transcripts, exhibits, notes, memoranda and correspondence even if such documents constitute or contain Confidential

Material.  Such material retained by counsel shall continue to be subject to the terms and conditions of this Protective Order.

**16.**   *No Waiver of Privileges*.  The Parties do not waive any privilege, including any attorney-client privilege, work product privilege or any other applicable privilege they might have, including, but not limited to, any privilege that the Bank may have had or any federal or state regulatory agency may hold, with respect to any of the documents and information produced.  A Party's production of Confidential Material is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or its continued protection under the attorney-client privilege, work product doctrine or any applicable privilege as to any other third party.

Furthermore, in the event that a Party inadvertently produces attorney-client privileged documents or information, and if that Party subsequently notifies the other Party that the privileged documents or information should not have been produced, the Parties agree to immediately return the originals and all copies of the inadvertently produced privileged documents and information.  Nothing in this Stipulation and Order shall prevent the FDIC-R from using any Confidential Material in any of its capacities or for any lawful purposes.

**17.**   *Modification; Waiver; Headings.*   A modification or waiver of any of the terms of this Stipulation and Order must be in writing and signed by the Parties.  The headings and captions in this Stipulation and Order are inserted for convenience only and shall not affect the meaning or interpretation of the provisions hereof.

**18.**   *Binding Effect of Stipulation.*   This Stipulation and Order shall continue to be binding after the conclusion of this litigation.  At any time, a Party may seek written permission from the producing party or order of the

Court with respect to the relief from or dissolution or modification of this Stipulation and Order.

**19.** ***Filing of Confidential Materials with Court.*** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

DATED: July 2, 2013          NOSSAMAN LLP

By: /s/ *James H. Vorhis*
James H. Vorhis
Attorneys for Federal Deposit Insurance Corporation, as Receiver for County Bank, as assignee of certain claims

DATED: July 2, 2013          JOSEPH AND COHEN

By: /s/ *Jonathan A. Cohen*
Jonathan A. Cohen
Attorneys for Plaintiffs Thomas T. Hawker, John J. Incandela, Dave Kraechan, Edwin Jay Lee and Edward J. Rocha

DATED:  July 2, 2013　　　　　　　　　　HINSHAW & CULBERTSON LLP


　　　　　　　　　　　　　　　　　　　By: /s/ *Edward F. Donahue*
　　　　　　　　　　　　　　　　　　　　　Edward F. Donahue
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　BancInsure, Inc.

**ORDER**

IT IS SO ORDERED.

Dated:  **July 2, 2013**

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT "A"
# AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I hereby certify that I have received a copy of the Stipulation and Order Regarding Non-Disclosure of Confidential Material issued in the above-captioned action, "*Thomas T. Hawker, et al. v. BancInsure, Inc., et al.,*" United States District Court, Eastern District of California, Case No. 1:12-cv-01261-LJO-SAB (the "Action"), and represent and agree as follows:

1. I have read and understand the provisions of the Stipulation and Order.

2. I will comply with and agree to be bound by all of the provisions of the Stipulation and Order.

3. I will maintain all Confidential Material, including copies, notes, or other transcriptions obtained or derived therefrom, in a secure manner to prevent unauthorized access to it.

4. No later than thirty (30) days after the conclusion of the Action, I will return the Confidential Material, including copies, notes, or other transcriptions obtained or derived therefrom, to the counsel who provided me with the Confidential Material. I hereby consent to the jurisdiction of said Court for the purpose of enforcing the Stipulation and Order.

Signature: _____
Printed Name: _____
Date: _____
Company: _____
Address: _____
Telephone: _____
Cell Phone: _____