1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS T. HAWKER, et al.,              Case No.  1:12-cv-01261-SAB

12              Plaintiffs,                  ORDER ON STIPULATED ELECTRONICALLY
                                             STORED INFORMATION PROTOCOL
13        v.
                                             (ECF No. 46)
14   BANKINSURANCE, INC., et al.,

15              Defendants.

16

17        Plaintiffs Thomas T. Hawker, John J. Incandela, Dave Kraechan, Edwin Jay Lee, and

18   Edward J. Rocha (collectively "Plaintiffs"), the Federal Deposit Insurance Corporation as

19   Receiver for County Bank, plaintiff as assignee of certain claims from Plaintiffs (the "FDIC-R"),

20   and defendant BancInsure, Inc. ("BancInsure"), and their respective counsel hereby stipulate that

21   they shall be governed by the following terms and conditions concerning the production of

22   Electronically Stored Information ("ESI") as follows:

23

24   1.    This action relates to County Bank ("County" or "the Bank").  On February 6, 2009,

25         County was closed by the California Department of Financial Institutions, and the FDIC

26         was appointed as receiver of the Bank pursuant to 12 U.S.C. § 1821(c).

27   2.    This Protocol applies to the ESI provisions of Fed. R. Civ. P. 16, 26, 33, 34, or 37, and,

28         insofar as it relates to ESI, this Protocol applies to Fed. R. Civ. P. 45 in all instances

                                                   1

1    where the provisions of Fed. R. Civ. P. 45 are the same as, or substantially similar to, Fed.

2    R. Civ. P. 16, 26, 33, 34, or 37.  Nothing contained herein modifies Fed. R. Civ. P. 45 and,

3    specifically, the provision of Rule 45(c)(2)(B) regarding the effect of a written objection

4    to inspection or copying of any or all of the designated materials or premises.   This

5    Protocol supplements and is part of the Stipulated Protective Order entered by the court.

6    3.    As used herein, the words "Party" or "Parties" include the FDIC-R, Plaintiffs, and

7          BancInsure, and any person or entity that is served with a subpoena pursuant to Fed. R.

8          Civ. P.  45.

9    4.    In this Protocol the following terms have the following meanings:

10         A.    "Metadata" means: (i) information embedded in a Native File that is not ordinarily

11               viewable or printable from the application that generated, edited, or modified such

12               Native File; and (ii) information generated automatically by the operation of a

13               computer or other information technology system when a Native File is created,

14               modified, transmitted, deleted, or otherwise manipulated by a user of such system.

15               Metadata is a subset of ESI.

16         B.    "Native File(s)" means ESI in the electronic format of the application in which

17               such ESI is normally created, viewed, and/or modified.  Native Files are a subset

18               of ESI.

19         C.    "Static Image(s)" means a representation of ESI produced by converting a Native

20               File into a standard image format capable of being viewed and printed on standard

21               computer systems.  In the absence of agreement of the Parties or order of Court, a

22               Static Image should be provided in Tagged Image File Format (TIFF, or .TIF

23               files).  If a TIFF or .TIF file cannot be created, then the Static Image should be

24               provided in Portable Document Format (PDF).  If load files  or OCR text files

25               (Optical Character Recognition files) were created in the process of converting

26               Native Files to Static Images, or if load files may be created without undue burden

27               or cost, load files shall be provided as set forth in Exhibit A.

28   5.    The provisions set forth in Exhibit "A" shall govern the production of ESI.

2

6.   The FDIC-R or its contractors are in possession of certain ESI related to County Bank, including electronic copies of documents that were maintained by the Bank or its holding company as hard copies (collectively the "County ESI").  Some of the County ESI has not been Optical Character Recognition scanned and, therefore, is not full text searchable.  As to ESI that has not been OCR'd, the FDIC-R will produce relevant records from these documents.  Upon review of the documents produced from these records, if Plaintiffs or BancInsure determine that they require OCR searches of these documents, the Parties will discuss and attempt to reach an agreement regarding the OCR processing and production of these documents and the costs involved in doing so.  If the parties are unable to reach an agreement, the Parties will have the right to address issues with the Court.  Any issues relating to the non-OCR ESI will not be subject to this agreement, except with respect to the procedure addressed in this paragraph, but will instead be addressed under the general rules addressing the production of electronically stored information.

7.   The Parties agree that, where feasible, searches will be run on the County ESI with the date restriction January 1, 2006 through the closing date of County Bank, February 6, 2009.

8.   The FDIC-R has prepared an initial list of search terms to run across the processed County ESI to generate a collection of data for production; Plaintiffs and BancInsure may provide a counter proposal of search terms to run across the processed County ESI to generate a collection of data containing potentially relevant information so as to facilitate the production of the remaining County ESI.  Plaintiffs, the FDIC-R and BancInsure shall each review the other's list and provide additions or revisions.  Thereafter, the Parties shall meet and confer in good faith to establish the final agreed-upon search terms and the most efficient process to generate responsive ESI.  If the Parties are unable to agree upon search terms and/or process after conferring in good faith, any Party may raise the issue with the Court.

9.   After the Parties have agreed upon search terms and process or the same have been decided by the Court, the FDIC-R shall process the ESI pursuant thereto.  Such processing

3

shall include preparing load files of the documents captured by the agreed-upon search terms. The FDIC-R may then either conduct a review of the documents captured by the agreed-upon search terms and log any documents that it believes to be privileged or required to be withheld from production by law, or produce the documents without review but subject to the 'claw-back' provisions of Paragraph 10. Documents withheld on the basis of privilege, work product, by legal directive, or similar exemption shall be logged and the log made available with the document production.

The FDIC-R will then produce Native files of responsive ESI and corresponding load files containing the responsive and/or non-privileged documents generated by such processing. As described in Exhibit A, documents will generally be produced natively. Documents in native format are required to be converted to Static Images by the Party introducing them into evidence (e.g., deposition or trial exhibit) and provided to the other Party promptly, and Bates-numbered as specified in Exhibit A. The Parties may make multiple requests for production of documents utilizing this process if appropriate.

10.	If Plaintiffs or BancInsure are in possession of ESI responsive to any document or information request, including, without limitation, email and documents of various types, subject to this Protocol and the Stipulated Protective Order [Docket No. 39], and pursuant to an Order of this Court which shall be deemed made by approval of this Protocol, (1) Plaintiffs or BancInsure shall identify for the FDIC-R the ESI that is responsive to the FDIC-R's document or information requests; (2) the FDIC-R may designate the ESI it wishes to have produced; and (3) Plaintiffs or BancInsure shall process the ESI pursuant to the request, including preparing load files of the captured documents or information. Plaintiffs or BancInsure will then have an opportunity to conduct a review of the documents or information captured by the agreed-upon search terms and log any documents that are believed to be privileged or required to be withheld from production by law. Documents withheld on the basis of privilege, work product, by legal directive, or similar exemption shall be logged and the log made available with the document production.

4

11.   Producing any ESI for inspection without conducting a pre-production review for privilege or other ground for withholding shall be without prejudice to any later claim that such ESI is protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or ground for withholding production.   Such claim shall be made immediately following first use of such ESI.   Upon demand, the receiving Party shall cease using such ESI.   If the receiving Party does not dispute the claim, it will return any paper copies to the producing party and delete all electronic copies of the ESI produced pursuant to this agreement.   If the receiving Party disputes the claim, it shall present the issue to the Court and shall continue to cease use of such ESI.   Nothing herein modifies each Party's duty to notify a producing Party of any inadvertent production of ESI that contains information that may be protected by the attorney-client privilege, work-product doctrine or any other applicable privilege or ground for withholding production.

12.   Nothing in this Protocol requires the FDIC-R, Plaintiffs or BancInsure to produce again information that was produced to the other before this agreement has been entered by the Court.

DATED:  August 19, 2013                    NOSSAMAN                                 LLP

By:   */s/ Patrick J. Richard*
Patrick              J.              Richard
Attorneys   for   Plaintiff   Federal   Deposit
Insurance Corporation as Receiver for County
Bank,   as   assignee   of   certain   claims

DATED:  August 19, 2013                    JOSEPH AND COHEN
By:    /s/    *Jonathan    A.    Cohen*
Jonathan              A.              Cohen
Attorneys   for   Plaintiffs   Thomas T. Hawker,
John J. Incandela, Dave Kraechan, Edwin Jay
Lee      and      Edward      J.      Rocha

DATED:  August 19, 2013                    HINSHAW & CULBERTSON LLP

By:   */s/ Edward F. Donohue*
Edward              F.              Donohue
Attorneys        for        Defendant
BancInsure,                               Inc.

1        Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that the discovery in

2   this action shall be governed by the terms and conditions of the above stated Stipulated ESI

3   Protocol.

4

5   IT IS SO ORDERED.

6

7        Dated:   **August 19, 2013**

8                                              UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28