UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| THOMAS T. HAWKER; et al., | ) Case No.: 1:12-cv-01261-SAB |
| Plaintiffs, | ) SECOND AMENDED SCHEDULING ) ORDER |
| vs. | ) |
| BANCINSURE, INC., et al., | ) |
| Defendants. | ) |

IT IS HEREBY STIPULATED, by and between Plaintiffs Thomas T. Hawker, John J. Incandela, Dave Kraechan, Edwin Jay Lee and Edward J. Rocha (collectively "Insureds"), plaintiff by assignment the Federal Deposit Insurance Corporation as receiver for County Bank (the "FDIC"), and Defendant BancInsure, Inc. ("BancInsure"), through their respective counsel of record, as follows:

1. The Court issued an Amended Scheduling Order (Docket no. 37) following the parties' May 28, 2013 Scheduling Conference.

2. Since the Scheduling Conference, the parties have all consented to having this matter proceed before this Court for all purposes pursuant to 28 U.S.C. § 636(c), and have further met and conferred further regarding the most efficient and logical process to resolve the parties' disputes.

3. The parties agree that good cause exists to adopt an amended scheduling order such that certain contract interpretation issues may be addressed early in the litigation and prior to the resolution of other issues that could either be rendered moot or otherwise

1  impacted by the early resolution of coverage issues, for the following reasons:

2  a. This is an insurance coverage case that arises out of the Insureds and the FDIC seeking coverage for the FDIC's claims related to the failure of County Bank of Merced, and the subsequent case of *FDIC, as Receiver for County Bank v. Hawker, et al.,* Case No. 12-CV-00127-SAB, U.S.D.C., E.D. Cal., filed January 27, 2012 (the "FDIC Action"). In the FDIC Action, the Insureds were sued for negligence and breach of fiduciary duty for actions allegedly committed in their capacity as senior officers of County Bank and members of the Bank's Executive Loan Committee, which the Insureds contend are "Wrongful acts" covered under the Directors and Officers Insurance policy in force at that time, BancInsure Extended Professional Liability Policy no. EPL 0010016 (the "PLI Policy"). The FDIC-R's complaint sought in excess of $42 million in damages based on alleged negligence and breach of fiduciary duty in approving 17 commercial real estate and commercial land development loans. The Insureds provided notice of the

FDIC action to BancInsure under the PLI policy. BancInsure denied coverage and did not advance a defense.

b. Thereafter the Insureds filed this action on August 1, 2012. The Insureds continued to discuss settlement with the FDIC in the FDIC Action. A settlement was reached between the Insureds and the FDIC on November 8, 2012, whereby certain of the Insureds' claims and rights under the BancInsure PLI Policy were assigned to the FDIC. After a prove-up hearing, an Order Granting Default Judgment and a Final Judgment in favor of the FDIC and against Plaintiffs were entered by Magistrate Judge Stanley A. Boone on April 1 and 2, 2013, respectively. Docket Nos. 61 and 62 in the FDIC Action.

c. On or about May 28, 2013, the FDIC as assignee, substituted and joined this action. The Insureds and the FDIC assert four causes of action for Declaratory Judgment (Count I), Breach of Contract (Count II), Bad Faith (Count III), and Reformation (Count IV) in the First Amended Complaint filed on April 10, 2013.

d. In the claim for reformation (Count IV), the Insureds and the FDIC contend that at or around the time that BancInsure issued the PLI Policy, BancInsure misrepresented

and/or failed to disclose at the time of expiration of CCOW's prior D&O Policy, Number 04DO00367-2 (the "D&O Policy") that BancInsure contended that the EPLIP Policy would not cover post-receivership claims by a regulatory agency such as the FDIC.

  e. The early resolution of contract interpretation issues could substantially reduce costs and simplify the remaining issues to be resolved in the litigation irrespective of which party prevails on cross-summary-judgment motions planned at the completion of "Phase I" as described below. Thus, if the Insureds and the FDIC prevail against coverage defenses raised in response to the Second Count for Breach of Contract, Count IV for Reformation would potentially become moot as would defenses raised by BancInsure to such claims such as estoppel and statute of limitations.

  If BancInsure prevails as to coverage defenses raised in Response to Count II, Count III for Breach of the Covenant of Good Faith and Fair Dealing would potentially become moot.

  4. Accordingly, the parties jointly agree that good cause exists to first litigate contract interpretation issues raised by Count II and phase discovery and dispositive motions respecting Counter II as set forth below.

  5. Specifically, the parties jointly agree that, among the breach of contract claims, the following legal issue should be the focus of discovery, motion practice, and hearing initially in "Phase I" of these proceedings:

  "Whether exclusion 21 of the PLI Policy bars coverage for loss arising out of the FDIC Action."

  6. The parties stipulate to and respectfully request that the Court issue this Stipulation and Order vacating all dates in the Amended Scheduling Order (Docket No. 37), and adopt the following amended scheduling deadlines:

  a. Phase I Discovery Completion: November 15, 2013

  b. Phase I Motion Filing Deadline: November 29, 2013

  c. Phase I Motion Hearing: January 8, 2014

  d. Further Case Management Conference: January 29, 2014

e. Trial Date: October 6, 2014.

7. The parties further stipulate and agree to engage in a formal alternative dispute resolution process, to be completed within 90 days of the Court's ruling on the Phase I motions.

SO STIPULATED:

DATED: August 13, 2013          HINSHAW & CULBERTSON LLP

By: */s/ Christopher J. Borders*
Edward F. Donohue
Christopher J. Borders John T. Meno
Attorneys for Defendant BANCINSURE, INC.

DATED: August 13, 2013          JOSEPH AND COHEN, A P.C.

By: */s/ Jonathan M. Cohen*
Jonathon D. Joseph
Jonathan M. Cohen
Attorneys for the Insureds

DATED: August 13, 2013          NOSSAMAN LLP

By: */s/ James M. Vorhis*
Patrick J. Richard
James H. Vorhis
Joan M. Cotkin
Attorneys for FEDERAL DEPOSIT INSURANCE COMPANY, Plaintiffs as assignee of certain claims

**ORDER**

Pursuant to the stipulation of the parties, discovery in this action shall proceed in phases as set forth in the above stipulation. Accordingly,

IT IS HEREBY ORDERED that:

1. The amended scheduling order, issued June 3, 2013, is HEREBY AMENDED as follows:

   a. All the deadline and hearing dates set forth in the June 3, 2013 amended scheduling order are VACATED;

       b.      The following dates are now imposed:

             i.      Phase I Discovery Completion:  November 15, 2013

             ii.     Phase I Motion Dispositive Filing Deadline:  November 29, 2013

             iii.    Phase I Dispositive Motion Hearing:  January 8, 2014 at 9:30 a.m. in Courtroom 9;

             iv.    Further Case Management Conference:  January 22, 2014 at 10:30 a.m. in Courtroom 9;

             v.     Trial Date:  October 6, 2014, at 8:30 a.m. in Courtroom 9 with a 10 day maximum.

2.    One week prior to the further case management conference the parties shall file a joint scheduling report addressing the need for additional discovery and proposed dates; and

3.    The parties shall engage in a formal alternative dispute resolution process, to be completed within ninety (90) days of the Court's ruling on the Phase I motions.

IT IS SO ORDERED.

Dated:   **August 29, 2013**            _____
                                                    UNITED STATES MAGISTRATE JUDGE