# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. HAWKER, et al., | Case No. 1:12-cv-01261-SAB |
| Plaintiffs, | ORDER LIFTING STAY |
| v. | |
| BANCINSURANCE, INC., et al., | |
| Defendants. | |

On January 26, 2015, the Court held a status conference in this action. The parties discussed the current status of this action in light of the pending liquidation proceedings in Oklahoma state court.

On September 4, 2014, the Court stayed this action for 120 days pending the outcome of the liquidation proceedings in Oklahoma state court. The parties informed the Court that the Oklahoma state court issued an injunction enjoining all persons and entities from prosecuting any action against BancInsure, Inc. The parties requested the stay to allow the parties time to determine whether the injunction applied to this action. This stay was later extended until January 26, 2015.

The parties disagree with respect to whether the Oklahoma state court injunction applies to this action. The parties inform the Court that the claims bar date in the liquidation action is February 20, 2015.

In the status reports, the parties inform the Court that neither party believes that the Oklahoma state court proceedings present a bar to these proceedings. However, the FDIC takes the position that the stay in this action should continue because of "uncertainty" regarding the role of the Red Rock Receiver in this action. This argument is unpersuasive. If no attorney properly appears in this action on behalf of Defendant BancInsure, Plaintiffs can seek default against BancInsure.

The FDIC also argues that this action should be stayed pending the Ninth Circuit's decision in the related Security Pacific action. However, the Court is unconvinced that the decision in Security Pacific will be applicable in this action, as the Court's decision in this action was highly fact specific, turning on the proper interpretation of the contractual language in this action. Moreover, in the five months that this stay has been in effect, this action has made no real progress towards resolving this matter off this Court's docket and there is no indication of future progress if the stay were allowed to remain. According, the Court finds no benefit in extending the duration of the stay.

Accordingly, it is HEREBY ORDERED that:

1. The stay in this action is lifted;
2. The Court sets a further status conference for February 27, 2015 at 2:45 p.m.; and
3. The parties shall file a status report on or before February 23, 2015, informing the Court on whether they intend to refile a motion to certify an interlocutory appeal or whether they intend to proceed on the remaining claims in this action. The status report should also set forth a proposed briefing schedule for any motion to certify an interlocutory appeal.

IT IS SO ORDERED.

Dated:   **January 26, 2015**

UNITED STATES MAGISTRATE JUDGE

2