# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS T. HAWKER, et al., | Case No.  1:12-cv-01261-SAB |
| Plaintiffs, | ORDER GRANTING MOTION FOR CERTIFICATION OF JUDGMENT AS FINAL AND APPEALABLE |
| v. | |
| BANCINSURANCE, INC., et al., | ECF NO. 155 |
| Defendants. | |

On April 1, 2015, Defendant John D. Doak, as receiver for Red Rock Insurance Company, formerly known as BancInsure, Inc. ("Defendant") filed a motion for certification of judgment as final and appealable.  (ECF No. 155.)  Plaintiff Federal Deposit Insurance Corporation ("Plaintiff") filed a non-opposition on April 9, 2015.  (ECF No. 156.)

The Court finds it appropriate for the motion to be submitted upon the record and briefs on file and therefore vacates the hearing on the motion scheduled for April 22, 2015.  For the reasons set forth below, the Court grants the motion.

## I.

## BACKGROUND

This action was filed on August 1, 2012.  (ECF No. 1.)  Plaintiffs Thomas T. Hawker John J. Incandela, Dave Kraechan, Edwin Jay Lee, and Edward Rocha ("the County Bank Officers") filed suit against Defendant BancInsure, Inc. ("BancInsure") for the alleged wrongful

1

denial of insurance coverage.  The County Bank Officers are all former officers of County Bank, a California state-chartered bank.  The County Bank Officers were named as defendants in a civil action filed by Plaintiff Federal Deposit Insurance Corporation ("FDIC"), who alleged that the County Bank Officers were negligent and breached their fiduciary duties to County Bank.  The County Bank Officers contend that the insurance policy covers civil actions brought by the FDIC whereas BancInsure contends that the insurance policy does not cover civil actions brought by the FDIC due to an Insured versus Insured Exclusion in the policy.

On April 7, 2014, the Court granted Defendant BancInsure Inc.'s motion for summary judgment.  (ECF No. 125.)  At a status conference on May 27, 2014, the parties informed their Court of their intent to appeal the Court's order.  After a second status conference on June 6, 2014, the Court set a briefing schedule on the issue of whether the order could be appealed.  The parties filed a joint motion on June 20, 2014.  (ECF No. 134.)  The Court granted the motion on July 15, 2014.  (ECF No. 135.)

On August 5, 2014, Defendant filed a Notice of Show Cause Order informing the Court that a state Court in Oklahoma issued an injunction against all persons from prosecuting actions against Defendant as a result of pending liquidation proceedings.  (ECF No. 136.)  In light of the injunction, the Court vacated the order granting certification and stayed this action pending the resolution of the liquidation proceedings.  (ECF No. 140.)  On January 27, 2015, the stay was lifted and the Court set a briefing schedule for a subsequent motion to certify.  (ECF No. 147, 150.)

## II.

## DISCUSSION

Federal Rule of Civil Procedure 54(b) states:

> **(b)    Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end

1    the action as to any of the claims or parties and may be revised at
2    any time before the entry of a judgment adjudicating all the claims
     and all the parties' rights and liabilities.

3    "A district court must first determine that it has rendered a 'final judgment,' that is, a judgment

4    that is an ultimate disposition of an individual claim entered in the course of a multiple claims

5    action." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (internal quotations and citations

6    omitted). "Then it must determine whether there is any just reason for delay." Id. "'It is left to

7    the sound judicial discretion of the district court to determine the "appropriate time" when each

8    final decision in a multiple claims action is ready for appeal.  This discretion is to be exercised

9    "in the interest of sound judicial administration."'" Id. (quoting Curtiss-Wright Corp. v. General

10   Electric Co., 446 U.S. 1, 8 (1980)).  "Whether a final decision on a claim is ready for appeal is a

11   different inquiry from the equities involved, for consideration of judicial administrative interests

12   'is necessary to assure that application of the Rule effectively "preserves the history federal

13   policy against piecemeal appeals."'" Id. (quoting Curtiss-Wright Corp., 446 U.S. at 8).

14         Plaintiffs asserted multiple claims in this action.  The First Amended Complaint asserted

15   four claims: first, for declaratory relief regarding Defendant's obligation to provide insurance

16   coverage, second, for breach of contract stemming from Defendant's failure to provide insurance

17   coverage, third, for insurance carrier bad faith, and fourth, for reformation of the insurance

18   contract.

19         The breach of contract claim has been finally decided.  The order granting Defendant's

20   motion for summary judgment constitutes a final decision in favor of Defendant on the breach of

21   contract claim.  The remaining claims are undecided, as Plaintiffs alternatively claimed that the

22   insurance contract should be reformed pursuant to California Civil Code § 3399 to cover claims

23   brought by the FDIC based upon BancInsure's alleged representations regarding the breadth of

24   coverage of the insurance policy.

25         Finally, the Court finds that there is no just reason for delay.  The parties both

26   characterize the breach of contract theory as the "driving force" of the case.  The reformation

27   claim was plead as an alternative ground for relief.  Permitting the parties to appeal the breach of

28   contract issue immediately would likely be in the interest of judicial economy, as it may

1 | materially advance the ultimate termination of litigation by alleviating the need to litigate the

2 | reformation claim.  In contrast, if the parties were forced to litigate the reformation claim in its

3 | entirety before appealing the dismissal of the breach of contract claim, judicial resources may be

4 | wasted because reversal on appeal would bring the parties back before this Court to litigate the

5 | breach of contract claim.

6 | Additionally, the case meets all of the elements for certification of appeal under 28

7 | U.S.C. § 1292(b).  Under Section 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

12 | Thus, the appealed issue must be one where there is a "controlling question of law," a

13 | "substantial ground for difference of opinion" and the appeal must "materially advance the

14 | ultimate termination of the litigation."

15 | In this case, there is a "controlling question of law"--whether the insured versus insured

16 | clause's reference to "receivers" should be interpreted to apply to the FDIC.  There is also a

17 | "substantial ground for difference of opinion."  In their briefs supporting their own motion for

18 | summary judgment and opposing Defendant's motion for summary judgment, the FDIC cited a

19 | number of cases where courts have held that insured versus insured exclusions do not apply to

20 | the FDIC.  See American Cas. Co. of Reading, Pennsylvania v. Sentry Federal Sav. Bank, 867 F.

21 | Supp. 50 (D. Mass. 1994); American Cas. Co. v. FDIC, 791 F. Supp. 276 (W.D. Okla. 1992);

22 | FDIC v. American Cas. Co. of Reading, Pennsylvania, 814 F. Supp. 1021 (D. Wyo. 1991); St.

23 | Paul Fire and Marine Ins. Co. v. Federal Deposit Ins. Corp., 765 F. Supp. 538 (D. Minn. 1991).

24 | This Court and at least one other court has held otherwise.  See Mt. Hawley Ins. Co. v. Federal

25 | Sav. & Loan Ins. Corp., 695 F. Supp. 469, 482 (C.D. Cal. 1987).

26 | The parties have also identified a case from the Central District of California that reached

27 | a different conclusion compared to this Court's conclusion, FDIC as Receiver of Security Pacific

28 | v. BancInsure, Inc., Case No. CV 12-09882 DMG.  The parties inform the Court that the Central

District action has been appealed to the Ninth Circuit.  Finally, as discussed above, the appeal would "materially advance the ultimate termination of the litigation."

Based upon the foregoing, the Court grants the motion to certify the order on the motions for summary judgment as final and appealable.

### III.

### CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1.   The April 22, 2015 hearing on the joint motion for certification of judgment as final and appealable is VACATED and the parties shall not appear at that time; and

2.   The motion for certification of judgment as final and appealable is GRANTED; and

3.   The Court certifies its April 7, 2014 order on the cross motions for summary judgment as final and appealable under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292.

IT IS SO ORDERED.

Dated:   **April 17, 2015**

UNITED STATES MAGISTRATE JUDGE